UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>ROSA CELIA SANCHEZ,<br><br>                           Defendant. | Case No.: 16cr2995-JAH<br><br>**ORDER DENYING REQUEST TO SEAL CRIMINAL CONVICTION**<br>[Doc. No. 35] |

**INTRODUCTION**

In 2017, Defendant Rosa Cecilia Sanchez was convicted in the Southern District of California of one federal drug importation offense. Pending before the Court is Ms. Sanchez's request to seal her criminal conviction. *See* Doc. No. 35. For the reasons set forth below, the Court DENIES the request.

**BACKGROUND**

On June 12, 2017, Ms. Sanchez pleaded guilty in this Court to one count of importation of cocaine under 21 U.S.C. §§ 952, 960. *See* Doc. No. 28. She was sentenced to thirty months in federal custody and three years of supervised release. *Id*. Ms. Sanchez has since served her sentence and completed her supervised release.

On June 30, 2021, Ms. Sanchez, proceeding pro se, asked this Court to seal her related criminal record of conviction. In her request, Ms. Sanchez states that while she has

maintained employment in the time after completing her sentence, she believes the record of her conviction will hinder her ability to be considered for higher positions and new opportunities in the current job market.  Ms. Sanchez notes that she served her sentence without any infractions, completed a 40-hour drug rehabilitation program, and completed her supervised release without any violations of the terms and conditions imposed on her by the Court or the Probation Officer.

## DISCUSSION

In the United States, "courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  To overcome the strong presumption in favor of public access to court records, a party seeking to maintain a judicial record under seal has the burden to show "compelling reasons supported by specific factual findings" that justify sealing the records.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009); *Kamakana*, 447 F.3d at 1178.  Additionally, the party must show that compelling reasons "outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 605 F.3d at 678.  The Ninth Circuit notes:

> "[C]ompelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.  The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).

Here, Ms. Sanchez has not met her burden to show compelling reasons that outweigh the public policy favoring disclosure of court records for an order to seal her record of conviction for the importation of cocaine.  Ms. Sanchez seeks to seal all publicly available records that reference her arrest, prosecution, and conviction in order to seek employment

that will advance her career. However, the interest in the public right of access cannot be outweighed solely by an individual's desire for and pursuit of higher positions for the sake of career advancement. A public record of a felony conviction is one of the unfortunate incidental (yet perfectly constitutional) consequences of a conviction and incarceration, suffered by all persons convicted of a felony. Accordingly, the Court must deny Ms. Sanchez's request.

## **CONCLUSION AND ORDER**

For the reasons stated above, IT IS HEREBY ORDERED Ms. Sanchez's request to seal her criminal conviction is DENIED.

**IT IS SO ORDERED.**

DATED:   October 20, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE